UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER M. TAYLOR,

            Plaintiff,

   v.

FBI SEATTLE,

            Defendant.

CASE NO. C18-1045 RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

    This matter comes before the Court on Defendant United States' Motion to Dismiss under Rule 12(b)(1) based on a lack of subject matter jurisdiction. Dkt. #8.

    Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways: (1) a "facial" attack that accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction, or (2) a "factual" attack that contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). When a party raises a facial attack, the court resolves the motion as it would under Rule 12(b)(6), accepting all reasonable inferences in the plaintiff's favor and determining whether the

allegations are sufficient as a legal matter to invoke the court's jurisdiction. *Id*. at 1122. Even when accepting the truthfulness of the allegations however, "[t]he plaintiff in a lawsuit against the United States must point to an unequivocal waiver of sovereign immunity" to sustain his burden of demonstrating subject matter jurisdiction exists. *Blue v. Widnall*, 162 F.3d 541, 544 (9th Cir. 1998); *see also Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

Federal law is well-settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Accordingly, "the United States may not be sued without its consent and the existence of such consent is a prerequisite for jurisdiction." *Mitchell*, 463 U.S. at 212. The district court is presumed to lack subject matter jurisdiction, and the party asserting the claim bears the burden of establishing that subject matter jurisdiction exists. *In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008).

In the present case, Plaintiff's Complaint fails to articulate any legal basis which would allow this Court to retain jurisdiction over his suit. The Complaint seeks monetary compensation "under Rico," however, the United States has not waived sovereign immunity to be sued under the RICO act. *McNeily v. United States*, 6 F.3d 343, 350 (5th Cir.1993) (no waiver of immunity exists to sue the United States or its federal agency the FDIC under the RICO Act); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) ("it is clear that there can be no RICO claim against the federal government"); *United States v. Bonanno Or. Crime Fam. Of La Cosa Nostra*, 879 F.2d 20, 23 (2d Cir. 1989). This alone is dispositive and warrants granting the instant Motion for dismissal.

Plaintiff fails to respond to the instant Motion. "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court construes Plaintiff's failure as an admission that this Motion has merit.

Where a complaint is dismissed, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that no amendment could save Plaintiff's claims because this Court undisputedly lacks subject matter jurisdiction. Leave to amend will therefore not be granted.

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant United States' Motion to Dismiss (Dkt. #8) is GRANTED.

(2) All of Plaintiff's claims are DISMISSED.

(3) This case is CLOSED.

DATED this 21st day of September 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE